And our last case is Edwards v. McMillen Capital, LLC. Mr. Edwards. I would say good morning, but it's good afternoon. Thank you. Thank you very much for allowing me to make all arguments before this distinguished panel today. I just want to start by saying that. And I want to just give you a little background very quickly to let you know why I'm here, how I got here. In 2012, I attempted to buy my primary residence as a first-time homebuyer. And I sought a loan to buy my primary residence in Cromwell, Connecticut. The lender, his attorney, made dual representation, represented the lender and myself in the loan closing. And long story short, they gave And I'm sorry, a single attorney represented both you and him? Correct. Correct, which is a practice from what I've learned in Connecticut. It's common practice in Connecticut. And the ethics rules, rule 1.7 and a number of those ethics rules actually sanction that. So it's common practice. It happens every day. What doesn't happen every day is that the promise of legal representation never manifested itself to me, because what they had me execute was what turned out to be a usurous note, a note that's not a bonafide note, a note that I found out has multiple, probably 18 TILA violations, violations of multiple general statutes. And when I brought that, when I discovered this, I brought it to the lender's attention, and the lender basically said, you know, the notes do sell your house, pay it off. So I went to the State Banking Commission to file a complaint. And when I filed a complaint in the State Banking Commission, the lender responded and told the State Banking Commission that the intended use of the loan proceeds was commercial and not residential. When I have a preponderance of evidence that I'm alleging shows that I told him that I was going to live there, I moved in, I live there today, and he's still allegedly misrepresented to the Banking Commission. The Banking Commission then sent it over to HUD for determination where, if, in fact, the appellee's allegations were believed, I could have been disciplined by the Banking Commission and fined by HUD. So I went into that background. I think that, I think there is, my opinion, there is a public issue. It's a concern for me, but there's also a public issue concern for, I think, because if this lender is allowed to do that and not be held to task for that, I think other lenders are watching and other people could try the same thing if this is not put in check. So I didn't have the resources. I went into state court pro se, and when I went into state court pro se as a novice, I had two motions to strike, granted for failure to state a claim, granted without prejudice. And this was just me trying to figure my way as a pro se, but they didn't grant it with prejudice. And there was one request to revise, they asked me to delete the complaint. On the rules of practice in Connecticut, if your complaint is stricken, you can replete within 15 days to try to fix your misstep. And I did that. And I had a third, I got to a third substitute complaint where I believe that I fixed my missteps. There was no ruling on the third substitute complaint at all. There was a judgment of non-suit in the case because I failed to close the pleadings. And I claimed excusable neglect for failing to close the pleadings. The pleadings weren't joined. So the court didn't have jurisdiction if they're not joined. And if I closed the pleadings before they were joined, I risked being sanctioned. And then if I didn't close the pleadings, I risked violating a court order. So I put in motions for continuances, explained it. And I had been granted, on the same circumstances, I've been granted the continuance twice. A new judge came in and didn't give any continuance. And dismissed the case for failure to close the pleadings. I never complained about that at all. And I brought a, there was no ruling on the third substitute complaint. The judgment of non-suit is a judgment on the merits. I don't complain about the motions to strike because in Connecticut, just briefly, in Connecticut, under the Connecticut Supreme Court's decision in Royce v. Westport, it's well settled that if a new pleading is filed after a motion to strike has been granted, the form of pleadings is deemed withdrawn and any related appellate rights are waived. And this Second Circuit panel in Green v. Manley held that Ruka Feldman does not bar claims because they do not invite district court to review and reject the state court's judgments. Plaintiff plainly has not repaired to the federal court to undo the judgment. Our conclusion is underscored by the fact that the plaintiff has no reason to seek and without a Supreme Court, there's no basis for an appeal. So when I replayed my third substitute complaint, it's as if the motions to strike never happened. They were withdrawn, all my appeal rights went. So when the district court, when I came into district court, the district court, the Honorable Judge Onderhill, I feel, which is a well-respected judge, said that he was barred to review it by Ruka Feldman. And basically what, if I have no appeal rights on those motions to strikes, I could not possibly be trying to avoid an appeal on the motion to strike. And the panel here in the Second Circuit has agreed with me there. In addition to that, the panel has held that the Ruka Feldman doctrine is that only the US Supreme Court and not lower federal courts may review and reject state court decisions. The rationale is undercut if the plaintiff has neither a practical reason or a legal basis to appeal the state court decisions. So I'm not trying to get the federal court to review and reject the claims in the motions to strikes because they're not, they're gone, they're done. And I'm not complaining of the injury. So on the third substitute complaint, there was never a ruling on the third substitute complaint. So therefore, I'm not trying to get the district, the federal court to review any ruling on the third substitute complaint. So I'm not asking, or am I trying to get them to, excuse me, to undo the non-suit. Don't need to do that, wouldn't need to do that, don't need to do it because Ruka Feldman says, this Second Circuit panel has said, with respects to a judgment of non-suit. It is said that in Hoblock versus Albany County Board of Elections. Furthermore, by focusing on the requirement that the state court judgment on the merits be the source of the injury, we can see how a suit asking a federal court to deny a legal conclusion reached by a state court can nonetheless be independent of Ruka Feldman. So that judgment of non-suit, we know now that the motions to strikes are not asking them to review and reject. We know that there's no ruling on the third substitute complaint at all. And we know that I could not be asking them to review and reject the non-suit because, in fact, it's not a judgment on the merits. So I don't believe that that's the third factor element in Ruka Feldman, review and reject it. Injuries. I complain not of an injury of the state court. The state court didn't cause me any injury. What they didn't do was just give me relief. And what does the second, what has the Second Circuit? Is that true, Mr. Edwards, with respect to the third substitute complaint? Is that still a live case? No. What this third substitute complaint, when the motion for non-suit was issued, the case was dismissed. Yeah, the case was dismissed, but there was no ruling on the merits on the third substitute complaint. And that's important for Ruka Feldman because I am not trying to, I'm not complaining of any injuries caused by any ruling on the third substitute complaint. I'm not asking the federal court to review or reject any ruling on the third substitute complaint. And those are two, and I'm not complaining of any injuries that the court imparted upon me based upon the third substitute complaint. And in addition to that, this Second Circuit has held that, it's important for me to just read this into the record. The fact that the state court chose not to remedy injuries caused by, in this case, the appellees, defendants does not transform the subsequent federal suit on the same matter into an appeal forbidden by Ruka Feldman. So they did not remedy it. The fact that they didn't remedy it does not transform my subsequent federal suit into an appeal. I have to complain of injuries. And again, this panel gave an example of what complaint of injuries are. In Green versus Madeline, that court held that the situation would have been different if the family court had entered a final order of distribution, permanently removing the child from her custody, and the plaintiff had brought this action seeking to return the child. In such a case, plaintiff could have appealed to the family court, ruling to a higher New York court, and eventually to United States Supreme Court. If at the completion of her appeals, the plaintiff were to bring a 1983 action in federal court seeking return of the child, her action would unquestionably invite the district court to review and reject the family court's order and disposition, assuming that the other requirements of Ruka Feldman has been met. In that case, however, the plaintiff brings a 1983 action only after the family court proceedings were dismissed without a final order of disposition. And that's what happened in my case in the state court. It was dismissed because of the non-suit for further close to pleadings. I could have, and what I did was, I used what's called a saving statute in Connecticut. And the saving statute allows you, it's section 52592, accidents and failure suit. If any action commenced within the time limit by law has failed, one or more times to be tried on the merits for a matter of form, or if judgment of non-suit has been rendered, the plaintiff may commence a new action for the same cause of action at any time within one year after the termination. So I went in, I used the saving statute, and I went into federal court with the same causes of actions. But what I did was, I pled different claims and allegations. And why? Because with more and more reading and learning and understanding, I thought that I really, really fixed the missteps in not only the third substitute complaint, but certainly even additional different allegations in the federal complaint. So the allegations that are in the federal complaint were never in front of the state court. For instance, an example, in state court, what I didn't know initially in the stricken complaints was that if there's a loan, that actually the Consumer Reserve Board, who writes the official interpretation for the loan that I have is a combined purpose loan, a loan to purchase my primary residence, and then future, issued on the open-ended credit plan, future separate extension of credit, like a home equity loan to fix the house. If that is the loan, which it is in this case, the actual disbursement at the closing to purchase the home is non-rescindable. It's not a rescindable transaction. So no rescission rights goes along with that. The rescission rights come along with the future extensions of credit. And the first future extension of credit was issued in September of 2012. And the lender failed to issue the rescission rights disclosures. So that was the first violation. And Tiller says that you can file a statute of limitation runs from the date that gives rise to the occurrence of rescission. And that was September. And I filed my complaint three years later, in less than three years later, excuse me, in June of 15. In my stricken complaints, I didn't clearly allege that, so the court said, hey, this transaction occurred in April 2012, three years is April 2015, you filed in June, time bought. And then that's what happened in the stricken complaints. But I fixed my complaints as I learned and read more. And so the allegations in the federal court are completely different than the allegations in the state court. And what this second circuit has said about different allegations is, The court, Ruckefeldman principle animates two substantive requirements to Ruckefeldman. The first one, the federal plaintiff must complain of injury by the state court judgment. Which we've seen, I've alleged here today that I have not. The second one, the federal plaintiff must seek federal court review and rejection of the state court judgment. The court does, however, give some guidance as to what causes are not captured by this requirement. The court points out 28 USC 1257, and thus Ruckefeldman does not Attempts to litigate in federal court a matter previously litigated in state court. If a federal plaintiff presents some independent claim, albeit one that denies the legal conclusion that the state court has reached in a case in which he was a party. Then there is jurisdiction and state law determines whether the defendant prevails under the principles of preclusion. And it's important to know that your Honorable Judge Underhill didn't find restriction. He didn't find plaintiff came preclusion. Those were allegations made by the defendants in the federal court, appellees in this court, that hey, these claims were issued and litigated in state court, kick them out of here. Judge Underhill did not, the Honorable Judge Underhill didn't find that. He read and saw that the claims were sufficiently different. And if what this panel, Second Circuit panel has said, is that if you have sufficiently different claims, the federal court is not barred. Because you're not asking them to review or reject the motions, the allegations in the motions of strike. Which have been, we've read in Royce, they no longer exist and they were different. So he does, I believe that the federal court can hear this case for a number of reasons. I've just scratched the surface, I know it's at the end of the morning into the afternoon, so I don't want to continue. But reading all the law that I have, but in reading, it's not the Fifth or the Eleventh Circuit which would be appropriate. I'm just learning what this Honorable Second Circuit has said about a situation that eerily is similar to mine. Many situations that the federal court is not barred from hearing a claim. And I think that it's not only with me. I think that I'm passionate about it, it's my house obviously. But if this lender is not held accountable for what he has done, or at least show the district court that he didn't do it, it's going to send the wrong message to that lender, and it's going to send the very wrong message to anyone else that's thinking or considering doing this to someone else. I went to college, I graduated from college, I'm an educated guy and they got it by me. They got it by me. But I'm a fighter, and they didn't think I would stand and spend hours and hours, but I'm doing it, and I'm hoping that you will do as the respectfully request, just from what I've read, that's all I can go by. What this Second Circuit has done, panels have done in the past, in a situation like this, has sent it back to the district court to see if I'm telling the truth, if my allegations can be veered out. That's all I ask. Thank you, Mr. Edwards. Thank you very much, and God bless you all. Thank you. Thank you so much. You're welcome. We'll reserve decision as we've done in the other cases that you've been sitting through today. All right, it's been, it was- We'll get you a decision. Thank you. As soon as we can. God bless you, thank you. Thank you. Please adjourn the court. Thank you.